UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| NATIONAL LABOR RELATIONS BOARD ) | | |
| Petitioner/Cross-Respondent ) | | |
| ) | | |
| v. ) | Nos. | 15-1112 |
| ) | | 15-1209 |
| CNN AMERICA, INC. ) | | |
| Respondent/Cross-Petitioner ) | Board Case Nos. | |
| ) | 5-CA-31829 | |
| and ) | 5-CA-33125 | |
| ) | | |
| NATIONAL ASSOCIATION OF BROADCAST ) | | |
| EMPLOYEES AND TECHNICIANS - ) | | |
| COMMUNICATIONS WORKERS OF AMERICA, ) | | |
| LOCAL UNION NOS. 11 AND 31 ) | | |
| Intervenors ) | | |
| ) | | |

**OPPOSITION AND RESPONSE OF
THE NATIONAL LABOR RELATIONS BOARD TO
CNN AMERICA, INC.'S PROPOSED JUDGMENT**

To the Honorable, the Judges of the United States
 Court of Appeals for the District of Columbia Circuit:

The National Labor Relations Board, by its Deputy Associate General Counsel, respectfully submits its opposition to CNN America, Inc.'s proposed judgment and response to CNN's opposition to the Board's proposed judgment.

1. On August 4, 2017, the Court issued its opinion in this case. On August, 18, the Board filed its proposed judgment under Rule 19. Fed.R.App. P. 19. On August 29, CNN filed its proposed judgment with an opposition to the

Board's proposed judgment.[1]  On September 7, the Board filed a motion for an extension of time to file its response, which is still pending as of this filing.

2.  In its opinion, the Court affirmed that CNN violated the National Labor Relations Act in numerous, significant ways.  The Court imposed only a surgical remand of several discrete issues and expressly enforced the Board's order with respect to the balance of the case.  It is indisputable that some relief is warranted under the Court's decision.  CNN's proposed judgment consisting of a complete remand does not account for the portions of the Order enforced or the nuances of the Court's opinion.  It thus works a fundamental injustice for the affected employees as there is no need for them to await all relief—including the cease-and-desist orders (with the prospect of contempt proceedings for noncompliance) and a notice posting—while the Board considers the partial remand and any challenges to aspects of the remedy during the Board's compliance phase of the case.  The Board requests that the judgment entered reflect those aspects of its Order that the Court enforced or were otherwise unaffected by the Court's opinion.

3.  The Court's decision—with multiple related issues, several discrete remands affecting the remedy, and affirming the Board's decision in large part—

---

[1] CNN originally filed with its proposed judgment a letter opposing the Board's proposed judgment on August 28.  On August 29, it refiled the document restyled as an opposition per the Court's request.

was complex. Despite CNN's attempt to impugn the integrity of the General Counsel's office (CNN opp. at 7), the Board's proposed judgment was a good-faith effort to account for those complexities, as described below. While the Court may wish to modify some of the language in the judgment to best reflect its opinion, the Board submits that a full remand would be in error and that the opinion's effects on the Board's Order are as follows:

| Issue | Court Decision | Effects on Board Order[2] |
|---|---|---|
| - Joint-employer relationship of CNN and TVS<br>- Joint employer violations: termination of TVS contract (ENGAs) and TVS employees, failure to bargain over termination of TVS contract and | - Joint-employer finding vacated but Court permitted Board to revisit it on remand and find joint employers under a different or more fully explained standard<br>- Therefore, joint-employer violations were not enforced[3] | - Removal of language in paragraph 1(a) regarding joint employers and discharge of TVS employees and reflecting only the failure to hire them<br>- Removal of paragraph 1(d) regarding refusal to bargain over termination of TVS contract and its effects<br>- Removal of paragraph 1(f) regarding contracting out unit work without bargaining with Union<br>- Alteration of language in paragraph 2(c) to reflect dates of failure to hire employees rather than dates of discharges<br>- Alteration of make-whole language in paragraph 2(i) to eliminate reference to discharges and reflect |

---

[2] The Board's proposed judgment accounts for the effects on the Board's Order listed in this table (with paragraph numbers from the Order).
[3] As described below, CNN was obligated to bargain and apply the terms of the TVS collective-bargaining agreements as a successor employer and its unlawful failure to hire many TVS employees was affirmed.

3

| | | |
|---|---|---|
| employees, and failure to comply with TVS collective-bargaining agreements | | that any remedy will be consistent with Court's opinion[4]<br>• Alteration of make-whole language in paragraph 2(j) to reflect that any remedy will be consistent with Court's opinion<br>• Alteration of paragraph 2(l) to eliminate reference to TVS contract termination<br>• Alteration of paragraph 2(p) to eliminate reference to September 29, 2003 date of TVS contract termination and substitute dates of DC and NYC failures to hire former TVS employees |
| Unlawful failure to hire former TVS employees | Enforced | • No current effect on Order<br>• As explained below, CNN's ability to challenge instatement during subsequent compliance proceeding does not eliminate that remedy now |
| Failure to recognize and bargain with Union as successor employer and unilaterally changing terms and conditions of employment | Enforced | • As explained below, only *affirmative* bargaining order was remanded, requiring elimination of paragraph 2(b).<br>• Cease-and-desist portion of bargaining obligation (paragraph 1(c)) remains in effect under Court's decision, as explained below<br>• Paragraph 1(b) regarding compliance with TVS collective-bargaining agreements remains as CNN was a successor employer not entitled to set its own terms and conditions of |

---

[4] As explained further below, while the Court remanded to the Board to limit the make-whole remedy under *Capital Cleaning Contractors, Inc. v. NLRB*, 147 F.3d 999 (D.C. Cir. 1998), it is possible that, should the Board on remand find a joint-employer relationship between TVS and CNN, that limitation may not apply. *See NLRB v. CNN America, Inc.*, 865 F.3d 740, 751, 763 (D.C. Cir. 2017).

|  |  | employment. *See CNN America*, 865 F.3d at 752 ("'In effect, when a successor refuses to hire its predecessor's employees based upon anti-union animus, the successor loses the right unilaterally to set the initial terms and conditions of employment; it must first bargain with the union.'") (quoting *Capital Cleaning*, 147 F.3d at 1008).<br>• Paragraph 2(a) regarding notifying the Union that CNN recognizes and will bargain remains in effect because the successorship bargaining obligation stands under the cease-and-desist portion of the Order.<br>• Paragraph 2(c) of the Order requiring, upon the Union's request, rescission and restoration of changes to terms and conditions of employment remains because CNN was not permitted to unilaterally set those terms.[5] |
|---|---|---|
| Unlawful coercive statements | Enforced | • Cease-and-desist language (paragraph 2(g)) remains in effect |
| Remedy: backpay and benefits to TVS employees not hired and those who were hired but not paid per contract | Modified and remanded | • The Court did not eliminate backpay and benefits; it remanded to the Board to limit the remedy under *Capital Cleaning*<br>• As explained above in n.3 and below, the Court stated that the Board could consider the joint-employer issue on remand, which |

---

[5] Again, the ultimate effect of the *Capital Cleaning* limitation on the make-whole remedy is unclear given the possibility of further joint-employer consideration by the Board. Even with such a limitation, the rescission and restoration language should not be eliminated. If the Court wishes, it could be clarified to state that the remedy must be consistent with the Court's opinion.

5

| | | |
|---|---|---|
| | | could provide a distinction of *Capital Cleaning* and therefore remove that limitation. |
| Remedy: instatement and training | Enforced; CNN's challenge found premature | • No current effect<br>• In finding CNN's challenge premature as it could be raised in a subsequent Board compliance proceeding, the Court did not eliminate the remedy |
| Remedy: affirmative bargaining order | Review granted and remanded | • Elimination of paragraph 2(b)<br>• Board may, on remand, either vacate this portion of the order or provide an explanation to justify the imposition of this remedy under circuit law. *See CNN America*, 865 F.3d at 764. |

4.  As shown, much of the Board's Order remains valid under the Court's opinion. And, as the Court is aware, in cases of partial enforcement, the Board submits to the Court a proposed judgment under Rule 19 setting forth the portions of the Board's order that were enforced. CNN's proposed judgment with simply a full remand telegraphs its desire to avoid all compliance for now.

5.  Primarily, CNN attempts to leverage the remands regarding *Capital Cleaning* and the affirmative bargaining order to avoid all successorship bargaining obligations for now. (CNN opp. at 3-4) It either misreads or misrepresents the Court's decision.

First, as set forth above, as a successor employer that discriminatorily failed to hire its predecessor's employees, CNN was not entitled to set initial terms and

6

conditions of bargaining; it was required to apply the terms of the TVS collective-bargaining agreements. The Court limited the make-whole remedy for former TVS employees not hired by CNN and any unit employees not paid per the TVS collective-bargaining agreements under *Capital Cleaning*, 147 F.3d at 1011 (limiting contractual wages and benefits to "a period allowing for a reasonable time of bargaining;" thereafter backpay is based on what was actually paid to new employees unless Board can show that successor would have agreed in negotiations to pay a higher rate). *CNN America*, 865 F.3d at 763. The Board's brief to the Court had distinguished *Capital Cleaning* because that successorship case did not also involve a joint employer. *Id.* While the Court declined to pass on that distinction because it vacated the Board's joint-employer finding here, it also explicitly permitted the Board on remand to revisit the joint-employer issue and find CNN to be a joint employer under a different or more fully explained standard. *Compare id.* at 763 *with id.* at 751. Thus, it leaves open the possibility that the Board could still find a joint-employer relationship that would then provide a make-whole remedy for the failure to apply contractual terms beyond the *Capital Cleaning* limitation. The Board's proposed judgment accounts for that possibility by stating that the make-whole remedy was to be "consistent with the Court's opinion," which would, of course, have to take into account *Capital Cleaning*.

7

Second, the Court stated that the Board on remand may either vacate the *affirmative* bargaining order or provide a sufficient justification for it. *Id.* at 764. The Court did not eliminate the Board's order requiring CNN to *cease and desist* from failing to recognize and bargain with the Union. In claiming (CNN opp. 3-4) that it has no obligation to bargain at all, CNN ignores that the Court has made clear the distinction between the two types of bargaining orders: "An affirmative bargaining order and an order requiring an employer to 'cease and desist' from refusing to bargain do not have the same consequences. Under settled Board practice, only the former carries with it a decertification bar, preventing the employer from challenging the union's majority status for a reasonable period of time." *Exxel/Atmos v. NLRB*, 147 F.3d 972, 977 & n.4 (D.C. Cir. 1998) (in previously enforcing Board's order to "cease and desist" from withdrawing recognition and refusing to bargain with the union, "it was 'utterly clear' that our order put Exxel under an affirmative obligation to bargain with the union"). Thus, while the greater affirmative bargaining order was not enforced, the lesser cease-and-desist bargaining order still imposes a bargaining obligation.

6. As to CNN's claims (CNN opp. at 4-5) regarding instatement and training of the employees not hired by CNN, the Board understands that CNN may choose to challenge those remedies in the Board's subsequent compliance proceeding. That possibility does not result in the elimination of the remedies at

8

this merits stage of the case. *See, e.g.*, *NLRB v. Katz's Delicatessen of Houston Street, Inc.,* 80 F.3d 755, 771 (2d Cir. 1996) (Board first resolves liability in the unfair-labor-practice proceeding, and then, in a compliance proceeding, resolves the specifics of the remedy). Accordingly, as CNN admits (CNN opp. at 4-5 n.2), even while explicitly leaving those challenges to compliance, the Board itself included those aspects of its Order. The Court denied review of CNN's challenges to those remedies as premature, thereby enforcing them for now. *CNN America*, 865 F.3d at 763-64, 764-65 ("If the Board retains a reinstatement order after compliance proceedings, CNN will have the opportunity to present its arguments in a petition for review of that order."). The inclusion of the instatement remedy in the Board's proposed judgment is thus consistent with the Board's Order as enforced by the Court.[6]

---

[6] The Board's proposed judgment should have stated that the lists of affected employees are in paragraphs 2(d) and 2(i), not 2(e) and (h).

WHEREFORE, the Board respectfully requests that the Court the Board requests that the Court grant the Board's proposed judgment (or, at most, modify its language per the Court's understanding of its opinion) and reject that of CNN.

        Respectfully submitted,

        /s/ Linda Dreeben
        Linda Dreeben
        Deputy Associate General Counsel
        National Labor Relations Board
        1015 Half Street SE
        Washington, DC 20570

Dated at Washington, DC
this 12th day of September 2017

# UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| NATIONAL LABOR RELATIONS BOARD ) | | |
|         Petitioner/Cross-Respondent ) | | |
| ) | | |
| v. ) | Nos. | 15-1112 |
| ) | | 15-1209 |
| CNN AMERICA, INC. ) | | |
|         Respondent/Cross-Petitioner ) | Board Case Nos. | |
| ) | 5-CA-31829 | |
|    and ) | 5-CA-33125 | |
| ) | | |
| NATIONAL ASSOCIATION OF BROADCAST ) | | |
| EMPLOYEES AND TECHNICIANS - ) | | |
| COMMUNICATIONS WORKERS OF AMERICA, ) | | |
| LOCAL UNION NOS. 11 AND 31 ) | | |
|         Intervenors ) | | |
| ) | | |

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), the Board certifies that its opposition and response contains 2,034 words of proportionally-spaced, 14-point type, the word processing system used was Microsoft Word 2010.

                                /s/ Linda Dreeben
                                Linda Dreeben
                                Deputy Associate General Counsel
                                National Labor Relations Board
                                1015 Half Street SE
                                Washington, DC 20570

Dated at Washington, DC
this 12th day of September 2017

# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| NATIONAL LABOR RELATIONS BOARD ) | | |
| Petitioner/Cross-Respondent ) | | |
| ) | | |
| v. ) | Nos. | 15-1112 |
| ) | | 15-1209 |
| CNN AMERICA, INC. ) | | |
| Respondent/Cross-Petitioner ) | Board Case Nos. | |
| ) | 5-CA-31829 | |
| and ) | 5-CA-33125 | |
| ) | | |
| NATIONAL ASSOCIATION OF BROADCAST ) | | |
| EMPLOYEES AND TECHNICIANS - ) | | |
| COMMUNICATIONS WORKERS OF AMERICA, ) | | |
| LOCAL UNION NOS. 11 AND 31 ) | | |
| Intervenors ) | | |
| ) | | |

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2017, I electronically filed the foregoing opposition and response with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the CM/ECF system. I also certify that I served the foregoing document on all parties or their counsel of record through the appellate CM/ECF system.

                                      /s/ Linda Dreeben
                                      Linda Dreeben
                                      Deputy Associate General Counsel
                                      National Labor Relations Board
                                      1015 Half Street SE
                                      Washington, DC 20570

Dated at Washington, DC
this 12th day of September 2017